Nicole C. Andersen (State Bar No. 281218)
**NELSON & FRAENKEL LLP**
601 S. Figueroa St., Suite 2050
Los Angeles, CA 90017
Tel.: 213-622-6469
Fax: 213-622-6019
Email: nandersen@nflawfirm.com

Erin R. Applebaum (Pro Hac Vice Applicant)
Taylor Sandella (Pro Hac Vice Applicant)
**KREINDLER & KREINDLER, LLP**
485 Lexington Avenue
New York, NY 10017
Tel:.212-687-8181
Email: eapplebaum@kreindler.com
Email: tsandella@kreindler.com

*Attorneys for Plaintiff JENELLE LUCKEY*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENELLE LUCKEY a.k.a. JENELLE BIARD, individually, | CASE NO.: |
| Plaintiff, | **PLAINTIFF JENELLE LUCKEY a.k.a. JENELLE BIARD's COMPLAINT FOR DAMAGES** |
| vs. | |
| UNITED AIRLINES, INC. and DEUTSCHE LUFTHANSA AG, | |
| Defendants. | |

1

**COMPLAINT**

Plaintiff, JENELLE LUCKEY a.k.a. JENELLE BIARD (hereinafter "JENELLE LUCKEY"), by her attorneys NELSON & FRAENKEL LLP and KREINDLER & KREINDLER LLP, as and for her Complaint against Defendants, UNITED AIRLINES, INC. and DEUTSCHE LUFTHANSA AG, alleges the following upon information and belief:

**PARTIES**

1. Plaintiff, JENELLE LUCKEY, is an individual and resident of Temecula, California.

2. Defendant UNITED AIRLINES, INC. (hereinafter "UNITED") is a Delaware corporation with its principal place of business in Chicago, Illinois.

3. Defendant UNITED was and remains a common carrier engaged in the business of transporting passengers for hire by air.

4. Defendant DEUTSCHE LUFTHANSA AG. (hereinafter "LUFTHANSA") is a foreign corporation headquartered in Cologne, Germany.

5. Defendant LUFTHANSA was and remains a common carrier engaged in the business of transporting passengers for hire by air.

6. Defendant LUFTHANSA was and remains a foreign corporation authorized to do business in the State of California.

7. LUFTHANSA holds a Foreign Air Carrier Permit issued by the United States Department of Transportation that authorizes it to conduct regularly scheduled international flights to and from the United States of America.

**JURISDICTION AND VENUE**

8. The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on November 198, 1999 (the "Montreal Convention").

Plaintiff JENELLE LUCKEY a.k.a. JENELLE BIARD's Complaint for Damages

9.     Jurisdiction is proper under Article 33(1) of the Montreal Convention ("Montreal Convention jurisdiction") because Defendant, UNITED, sold Plaintiff the tickets for the flight in the State of California and the destination of Plaintiff's round trip ticketing was the State of California.

10.     Montreal Convention jurisdiction also applies under Article 33(2) because Plaintiff's principal and permanent residence is in the State of California and both Defendants operate services for the carriage of passengers by air through premises owned or leased by each Defendant within the State of California.

11.     This Court has personal jurisdiction over Defendant UNITED because UNITED has purposefully availed itself of the privilege of doing business in California and Plaintiff's claims arise from and relate to UNITED's contacts within the State of California.

12.     This Court has personal jurisdiction over Defendant LUFTHANSA because LUFTHANSA participates in a contractual code-share arrangement with Defendant UNITED pursuant to which LUFTHANSA operates flights into and out of the State of California that are marketed and sold by UNITED under UNITED flight numbers.

13.     This Court also has personal jurisdiction over Defendant LUFTHANSA pursuant to Fed. R. Civ. P. 4(k)(2) and the Fifth Amendment to the United States Constitution because LUFTHANSA maintains sufficient contacts with the United States through its substantial and continuous commercial activities throughout the United States.

14.     Specifically, LUFTHANSA purposefully avails itself of the privilege of conducting commercial aviation business in the American market generally, and in the State of California in particular, through scheduled passenger service to and from Los Angeles

3

and San Francisco, ticket sales to California residents, and maintenance of registered business operations in California.

15.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 et seq. because both Defendants are subject to this Court's personal jurisdiction with respect to the instant action.

## **FACTS OF THE CLAIM**

16.     On November 19, 2024, Defendant LUFTHANSA operated and controlled a flight from LAX to FRA designated as Lufthansa Flight 457 and marketed by Defendant UNITED as United Airlines Flight 8844 ("the subject flight").  The flight was conducted pursuant to Defendants' code share agreement under which UNITED served as the contracting carrier and LUFTHANSA served as the actual carrier.

17.     On November 19, 2024, Plaintiff, JENELLE LUCKEY, departed on a roundtrip international itinerary originating and terminating at Los Angeles International Airport (LAX) in Los Angeles, California. The first leg of her itinerary was aboard the subject flight, on which she traveled as a fare-paying passenger.

18.     On November 19, 2024, Plaintiff, JENELLE LUCKEY, was legally named JENELLE BIARD and her ticket aboard the subject flight was purchased under that name.

19.     Defendant LUFTHANSA operated and controlled the subject flight and employed the flight crew responsible for the flight's safe operation and the safety and well-being of the flight's passengers.

20.     On November 19, 2024, Plaintiff, JENELLE LUCKEY, sustained bodily injuries aboard the subject flight when she was burned by scalding hot water during beverage

4

service.

21.    At the aforesaid time and place, Plaintiff's tray table was in an evident state of disrepair, and as a result was improperly tilted down at a dangerously steep angle.

22.    When it was Plaintiff's turn to order a beverage, she requested a cup of hot water to prepare tea. The flight attendant then placed a cup of hot water, without a lid, onto the slanted edge of the tray table. The defectively steep angle of the tray table caused the cup to immediately slide off the tray table and onto Plaintiff's lap.

23.    As a result of the cup of hot water sliding into Plaintiff's lap, Plaintiff was caused to sustain severe burns to her left thigh.

### COUNT I: BODILY INJURY
### UNDER ARTICLE 17 OF THE MONTREAL CONVENTION

24.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

25.    The injuries sustained by Plaintiff on November 19, 2024 were caused by an "accident" as defined by Article 17 of the Montreal Convention because her injuries were caused by an unexpected or unusual event or occurrence external to her, and not by her own internal reaction to the ordinary operation of the aircraft.

26.    As a direct and proximate result of the aforesaid accident, Plaintiff, JENELLE LUCKEY, was seriously injured.

27.    As a direct and proximate result of the aforesaid accident, Plaintiff, JENELLE LUCKEY, was permanently injured.

28.    As a direct and proximate result of the aforesaid accident, Plaintiff, JENELLE LUCKEY, suffered significant physical pain, suffering, and mental anguish, and in the future shall continue to suffer from same.

29.    As a direct and proximate result of the aforesaid accident, Plaintiff, JENELLE LUCKEY, was forced to spend sums of money on medical treatment and in the future shall

Plaintiff JENELLE LUCKEY a.k.a. JENELLE BIARD's Complaint for Damages

continue to spend sums of money on same.

30.    As a direct and proximate result of the aforesaid accident, Plaintiff, JENELLE LUCKEY, was deprived of her enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

31.    As a direct and proximate result of the foregoing, Defendants are liable to pay full, fair and reasonable damages to Plaintiff, JENELLE LUCKEY, pursuant to the Montreal Convention.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.    For general and special damages according to proof;

2.    For personal injury damages and property damages according to proof;

3.    For economic damages;

4.    For prejudgment interest to the extent allowed by law;

5.    For costs of suit incurred herein; and

6.    For such other and further relief as the Court may deem proper.

Date: June 12, 2026.                    NELSON & FRAENKEL, LLP


By:    /s/ Nicole C. Andersen
       Nicole C. Andersen

KREINDLER & KREINDLER LLP


By:    /s/ Erin R. Applebaum
       Erin R. Applebaum (Pro Hac Vice Applicant)
       Taylor Sandella (Pro Hac Vice Applicant)

*Attorneys for Plaintiff JENELLE LUCKEY*

Plaintiff JENELLE LUCKEY a.k.a. JENELLE BIARD's Complaint for Damages